### Abraham Jacobson v. Orville F. Berry, Receiver.

#### Gen. No. 4,829.

1. ABSTRACT—*when in violation of rules of court.* An abstract which is a mere index violates the rules of court and is ground for a *pro forma* affirmance.

2. COMMON COUNTS—*what admissible under.* A promissory note, as an evidence of indebtedness upon which a recovery may be predicated, is admissible under the common counts.

3. NATIONAL BANK—*who cannot question authority of receiver for.* A debtor of a national bank cannot question the authority of such receiver.

Assumpsit. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

E. J. SLOUGH, for appellant.

WALTER H. KIRK, for appellee.

Mr. Presiding Justice Willis delivered the opinion of the court.

This was an action in assumpsit upon a promissory note for the sum of $1,000 executed by Abraham Jacobson and payable to the order of the Peoria National Bank, upon which some payments had been indorsed, brought by Orville F. Berry, as receiver of said bank, in the Circuit Court of Peoria county against the appellant, Abraham Jacobson. The declaration contained a special count declaring on the note and the common counts, to which appellant demurred generally and specially; for special ground of demurrer, protesting that the declaration failed to show appellee's appointment and authority as receiver of said bank. The demurrer was overruled and appellant elected to stand by the same, whereupon judgment was entered on the note for $567.40 and this appeal was taken.

The abstract in this case is but an index, neither the declaration, demurrer nor note being set out. It merely states on what pages of the record they may be found, and is wholly insufficient and in direct violation of the rules of this court, and presents no question for our consideration. The judgment should be affirmed *pro forma* under rule 16. It is, however, elementary that the note was admissible under the common counts and judgment thereon on default justifiable. Moreover it is well settled that a debtor of a national bank in the hands of a receiver cannot question the receiver's authority. That can be done only by the bank. Bank v. Kennedy, 17 Wallace (U. S.), 19; Bethel Bank v. Pahquioque, 14 Wall. (U. S.) 383; Cadle v. Baker, 20 Wall. 650.

The judgment is affirmed.

*Affirmed.*